# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

WADEEAH SALAAM
                Plaintiff,                        :

        v.

P.N. FINANCIAL INC.;                         :        Civil Action No.:
JENNIFER DIAZ;
JOHN DOE 1,
                Defendants.

## COMPLAINT

### A.    Jurisdiction and Venue

1.      Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.  Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### B.    Parties

3.      Plaintiff Wadeeah Salaam is a natural person who resides at 7409 N. 20th Street, Philadelphia, PA 19138.

4.      Defendant PN Financial, Inc. ("PN") is a corporation with principal offices at 7330 N Cicero Ave., Lincolnwood, IL 60712.  PN regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6) and/or allegedly bought the debt disputed herein when in default and therefore defendant is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).

5.        Defendant Jennifer Diaz (hereinafter "Diaz") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.        Defendant John Doe 1, whose dunning or partial legal name is "Charles", is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## C.    Factual Allegations

**The Debt**

7.        The disputed debt in question is with reference to a $600 payday loan taken out by plaintiff from CashNet.

8.        At the time plaintiff applied for the debt, she used her sister as a credit reference.

**Collection of the Debt**

9.        On or about July 30, 2010, PN through defendant Diaz called plaintiff for the first time regarding the debt stating the following to plaintiff:

a)  That she was a paralegal calling with regards to a CashNet debt;

b)  That she was calling regarding a fraud matter due to plaintiff's failure to follow through on payment of the debt;

c)  That the outstanding debt was $2,500 including "court costs";

d)  That plaintiff would be subpoenaed at work to testify in the case filed against her to collect the debt;

e)  That plaintiff's wages would be garnished to pay the debt.

10.     Plaintiff requested of defendants that they verify the debt before she agreed to any payment arrangement. Defendants refused to provide any account information to plaintiff.

11.     Following the aforesaid contact form defendants, plaintiff contacted CashNet was told that collection of her debt had not been referred to defendants, but was instead referred to a collection company called Debt Trade Partners.

12.     On or about August 5, 2010, defendants called (sister) regarding the debt re-stating much of what was said directly to plaintiff in the aforesaid July 30 phone call and adding that plaintiff would be arrested for failure to pay the debt.

13.     Plaintiff's sister called plaintiff's father who rushed over to plaintiff's home to inquire whether she was alright and whether she needed funds to pay the debt to prevent being

14.     On August 6, 2010, plaintiff called defendants leaving a message for Diaz requesting that she not call third parties to discuss her debt.

15.     On August 9, 2010, at 12:21 pm, Diaz left plaintiff a phone message regarding the debt stating she was from "Attorney Tom Mason's office".

16.     On August 10, 2010, plaintiff replied to an email from PN requesting verification of information concerning the debt.

17.     Defendants never responded to the aforesaid email.

18.     On August 10, 2010, at 4:45 pm, Charles called from PN phone number, 866-588-2440 regarding the debt  identifying himself as a "Litigation manager".

19.     On August 19, 2010, Diaz left plaintiff a phone message regarding the debt again stating she was from "Attorney Tom Mason's office" and that plaintiff's check was turned back by her bank and that this "bad check across state lines is fraud"… "which is how you got into this

mess" and that "he [Tom Mason] wants to go ahead and take action".

20.     Despite reference to an attorney's office, a subpoena, wage garnishment, and Diaz' job duty being a paralegal, all of which caused plaintiff to believe she had already been sued and judgment was entered against her.

21.     PN has not sued plaintiff. There is no person or attorney employed by or associated with PN by the name of Tom Mason.

22.     Plaintiff has suffered severe emotional distress, anxiety, and embarassment as a result of defendants' conduct which continues in the form of harassing and abusive telephone calls to plaintiff.

23.     At all times relevant hereto, defendant PN acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

24.     Upon information and belief, PN engages in a pattern and practice of making false threats related to unfiled litigation to collect debts, see Dacri v. PN Financial, USMD Pa. 3:10-cv-00529-WJN.

**D.     Cause of Action**

**COUNT I – Violations of the FDCPA**

25.     The allegations above are re-alleged and incorporated herein by reference.

26.     At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     Defendants, by their conduct as described above, violated the FDCPA as follows:

a)   §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

b)   §1692 b(2), Contacted third parties and stated that the consumer owes any debt;

c)   §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

d)   §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in that defendant is not a lawsuit, attorney Tom Mason is a fictional party created to give the false appearance that PN is or is part of a law office, no lawsuit had been filed permitting a subpoena, wage garnishment was possible to collect plaintiff's debt in the Commonwealth of Pennsyvlania;

e)   §1692g, Failure to send the consumer a 30-day validation notice within five days of the initial communication

f)   §1692d(5), Engage a person in telephone conversations repeatedly;

g)   §1692e(5) Threatened to take an action that is not intended to be taken;

h)   §1692e(10) and e(2) used false representation or deceptive means to collect a debt and misled plaintiff as to the alleged legal status of the debt by misrepresenting that PN is or is part of a law office, that PN was entitled to collect the debt, that plaintiff was named in a lawsuit, and misrepresenting that plaintiff's wages could be garnished in the Commonwealth of Pennsylvania by a non government entity for a debt unrelated to taxes or child support.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendants for the following:

A.   Declaratory judgment that defendants' conduct violated the FDCPA.

B.   Statutory damages pursuant to 15 U.S.C. § 1692k;

C.   Actual damages;

D.  Reasonable attorney fees and costs.

## TRIAL BY JURY

28.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.


Dated: <u>September 12, 2010</u>                           <u>RC935</u>
                                                           Attorney for Plaintiff
                                                           By:  Robert P. Cocco, Esquire
                                                           Pa. Id. No.
                                                           1500 Walnut Street, Suite 900
                                                           Philadelphia, PA 19102
                                                           215-351-0200